| | | |
|---|---|---|
| CHETANKUMAR BHIKHABHAI PATEL, *et al.*, | ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. 1:26-CV-88 |
| v. | ) ) | Judge Curtis L. Collier |
| MARKWAYNE MULLIN, *et al.*, | ) ) | Magistrate Judge Steger |
| *Defendants*. | ) ) | |

## MEMORANDUM & ORDER

This matter is before the Court on its July 30, 2026, Order to Show Cause (Doc. 6) and Plaintiffs' response (Doc. 7).

Plaintiffs filed a joint, *pro se* petition for writ of mandamus against three federal government officials on March 30, 2026.[1] (Doc. 1.) On July 30, 2026, the Court ordered Plaintiffs to show cause within fourteen days why their case should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to serve process. (Doc. 6.) Plaintiffs filed a timely response to the Show Cause Order on August 10, 2026, stating that they have served process on all Defendants by certified mail and attaching copies of return receipts. (Doc. 7 at 1; Doc. 7-3.) They now ask the court to "[a]ccept and docket the accompanying proof of service and certified-mail documentation" and grant them a reasonable amount of time to cure any deficiency that may exist. (Doc. 7 at 2.)

---

[1] Filings by *pro se* litigants are liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, litigants who are representing themselves must still comply with the applicable rules of procedure. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

The Federal Rules of Civil Procedure set out specific requirements for serving process on federal officers. Fed. R. Civ. P. 4(i). Those requirements include serving both the defendant federal officers and the United States. *Id.* In addition, the Rules place the responsibility on plaintiffs to make "proof of service . . . to the court." Fed. R. Civ. P. 4(l)(1). That proof of service "must be by the server's affidavit" in most cases. *Id.* However, "[f]ailure to prove service does not affect the validity of service," and a "court may permit proof of service to be amended." *Id.* 4(l)(3).

Plaintiffs' exhibits do not include the required affidavits. (*See* Docs. 7-1 through 7-3.) They do appear to include return receipts for mailings to each of the three Defendants. (Doc. 7-3.) However, each of those Defendants is a federal officer being sued in his or her official capacity, and there is no indication that Plaintiffs have served process on the United States as the Rules require. *See* Fed. R. Civ. P. 4(i)(1), (2). Therefore, service of process has not yet been completed.

Service of process must be completed "within 90 days after the complaint is filed." *Id.* 4(m). The court must extend that deadline "for an appropriate period" where a plaintiff shows good cause for failing to complete timely service of process, and the court has discretion to order a plaintiff to complete service within a specified amount of time even without good cause. *Id.* And where a party has served a United States officer but not the United States, "[t]he court must allow [the] party a reasonable time to cure its failure." *Id.* 4(i)(4).

More than ninety days have passed since Plaintiffs filed the complaint. Because Plaintiffs have served the Defendant United States officers but not the United States itself, the Court will allow Plaintiffs a reasonable amount of time to cure their failure. *Id.* The Court will also allow Plaintiffs time to file the missing affidavits of service on the Defendant United States officers under Rule 4(l)(1).

The Show Cause Order (Doc. 6) is **DISMISSED**.  On or before **October 13, 2026**, Plaintiffs shall (1) **SERVE** the United States pursuant to Rule 4(i) and (2) **FILE** appropriate proof under Rule 4(l)(1) of having served process on both the United States and each Defendant.

The Court recognizes that Plaintiffs are representing themselves in this action.  However, litigants who are representing themselves are still required to comply with the rules of procedure. *McNeil v. United States,* 508 U.S. 106, 113 (1993).  If Plaintiffs continue to represent themselves in this litigation, they must familiarize themselves with and follow (1) the Federal Rules of Civil Procedure, which are publicly available through libraries and on various internet sites; (2) the Local Rules of the United States District Court for the Eastern District of Tennessee, available at https://www.tned.uscourts.gov/sites/tned/files/localrules.pdf; and (3) the judicial preferences of the undersigned, available at https://www.tned.uscourts.gov/content/curtis-l-collier-senior-united-states-district-judge.

**SO ORDERED.**

**ENTER:**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**